UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ROBERT FARR,

                Plaintiff,                                Hon. Ellen S.  Carmody

v.

                                                    Case No. 1:14-cv-1123

COMMISSIONER OF
SOCIAL SECURITY,

                Defendant.

_____/


**OPINION**

        This is an action pursuant to Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Commissioner of Social Security denying Plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act.  On January 27, 2015, the parties agreed to proceed in this Court for all further proceedings, including an order of final judgment.  (Dkt. #9).

        Section 405(g) limits the Court to a review of the administrative record and provides that if the Commissioner's decision is supported by substantial evidence it shall be conclusive.  The Commissioner has found that Plaintiff is not disabled within the meaning of the Act.  For the reasons stated below, the Court concludes that the Commissioner's decision is supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.

## STANDARD OF REVIEW

The Court's jurisdiction is confined to a review of the Commissioner's decision and of the record made in the administrative hearing process. *See Willbanks v. Sec'y of Health and Human Services*, 847 F.2d 301, 303 (6th Cir. 1988). The scope of judicial review in a social security case is limited to determining whether the Commissioner applied the proper legal standards in making her decision and whether there exists in the record substantial evidence supporting that decision. *See Brainard v. Sec'y of Health and Human Services*, 889 F.2d 679, 681 (6th Cir. 1989). The Court may not conduct a de novo review of the case, resolve evidentiary conflicts, or decide questions of credibility. *See Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). It is the Commissioner who is charged with finding the facts relevant to an application for disability benefits, and her findings are conclusive provided they are supported by substantial evidence. *See* 42 U.S.C. § 405(g).

Substantial evidence is more than a scintilla, but less than a preponderance. *See Cohen v. Sec'y of Dep't of Health and Human Services*, 964 F.2d 524, 528 (6th Cir. 1992) (citations omitted). It is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993). In determining the substantiality of the evidence, the Court must consider the evidence on the record as a whole and take into account whatever in the record fairly detracts from its weight. *See Richardson v. Sec'y of Health and Human Services*, 735 F.2d 962, 963 (6th Cir. 1984). As has been widely recognized, the substantial evidence standard presupposes the existence of a zone within which the decision maker can properly rule either way, without judicial interference. *See Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (citation omitted). This standard affords

2

to the administrative decision maker considerable latitude, and indicates that a decision supported by substantial evidence will not be reversed simply because the evidence would have supported a contrary decision.  *See Bogle*, 998 F.2d at 347; *Mullen*, 800 F.2d at 545.

## **PROCEDURAL POSTURE**

Plaintiff was 43 years of age on his alleged disability onset date.  (Tr. 187).  He successfully completed high school and worked previously as a parts sales manager, machine operator, and furniture assembler.  (Tr. 40).  Plaintiff applied for benefits on March 6, 2012, alleging that he had been disabled since August 1, 2009, due to diabetes, neuropathy, attention deficit disorder, diverticulitis, and high blood pressure.  (Tr. 187-97, 269).  Plaintiff's applications were denied, after which time he requested a hearing before an Administrative Law Judge (ALJ).  (Tr. 81-186).  On May 28, 2013, Plaintiff appeared before ALJ Luke Brennan with testimony being offered by Plaintiff and a vocational expert.  (Tr. 52-77).  In a written decision dated June 28, 2013, the ALJ determined that Plaintiff was not disabled.  (Tr. 30-42).  The Appeals Council declined to review the ALJ's determination, rendering it the Commissioner's final decision in the matter.  (Tr. 1-5).  Plaintiff subsequently initiated this action pursuant to 42 U.S.C. § 405(g), seeking judicial review of the ALJ's decision.

## ANALYSIS OF THE ALJ'S DECISION

The social security regulations articulate a five-step sequential process for evaluating disability.  *See* 20 C.F.R. §§ 404.1520(a-f), 416.920(a-f).[1]  If the Commissioner can make a dispositive finding at any point in the review, no further finding is required.  *See* 20 C.F.R. §§ 404.1520(a), 416.920(a).  The regulations also provide that if a claimant suffers from a nonexertional impairment as well as an exertional impairment, both are considered in determining his residual functional capacity.  *See* 20 C.F.R. §§ 404.1545, 416.945.

The burden of establishing the right to benefits rests squarely on Plaintiff's shoulders, and he can satisfy his burden by demonstrating that his impairments are so severe that he is unable to perform his previous work, and cannot, considering his age, education, and work experience, perform any other substantial gainful employment existing in significant numbers in the national economy.  *See* 42 U.S.C. § 423(d)(2)(A); *Cohen*, 964 F.2d at 528.  While the burden of proof shifts to the Commissioner at step five, Plaintiff bears the burden of proof through step four of the procedure, the point at which his residual functioning capacity (RFC) is determined.  *See Bowen v.*

---

[1]1.  An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings (20 C.F.R. §§ 404.1520(b), 416.920(b));

2.  An individual who does not have a "severe impairment" will not be found "disabled" (20 C.F.R. §§ 404.1520(c), 416.920(c));

3.  If an individual is not working and is suffering from a severe impairment which meets the duration requirement and which "meets or equals" a listed impairment in Appendix 1 of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors. (20 C.F.R. §§ 404.1520(d), 416.920(d));

4.  If an individual is capable of performing her past relevant work, a finding of "not disabled" must be made (20 C.F.R. §§ 404.1520(e), 416.920(e));

5.  If an individual's impairment is so severe as to preclude the performance of past work, other factors including age, education, past work experience, and residual functional capacity must be considered to determine if other work can be performed (20 C.F.R. §§ 404.1520(f), 416.920(f)).

*Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (ALJ determines RFC at step four, at which point claimant bears the burden of proof).

The ALJ determined that Plaintiff suffers from: (1) diabetes mellitus type 2; (2) recurring kidney stones; and (3) hypertension, severe impairments that whether considered alone or in combination with other impairments, failed to satisfy the requirements of any impairment identified in the Listing of Impairments detailed in 20 C.F.R., Part 404, Subpart P, Appendix 1. (Tr. 32-34). With respect to Plaintiff's residual functional capacity, the ALJ determined that Plaintiff retained the capacity to perform work subject to the following limitations: (1) he can lift/carry 20 pounds frequently and 10 pounds occasionally; (2) during an 8-hour workday with normal breaks, he can stand/walk for 4 hours but "would require a break from standing hourly;" (3) during an 8-hour workday with normal breaks, he can sit for 6 hours; (4) he can occasionally climb ramps, stairs, ladders, ropes, and scaffolds; (5) he can occasionally balance, stoop, kneel, crouch, and crawl; and (6) he can frequently perform bilateral handling and fingering activities. (Tr. 34).

The ALJ found that Plaintiff cannot perform his past relevant work at which point the burden of proof shifted to the Commissioner to establish by substantial evidence that a significant number of jobs exist in the national economy which Plaintiff could perform, his limitations notwithstanding. *See Richardson*, 735 F.2d at 964. While the ALJ is not required to question a vocational expert on this issue, "a finding supported by substantial evidence that a claimant has the vocational qualifications to perform <u>specific</u> jobs" is needed to meet the burden. *O'Banner v. Sec'y of Health and Human Services*, 587 F.2d 321, 323 (6th Cir. 1978) (emphasis added). This standard requires more than mere intuition or conjecture by the ALJ that the claimant can perform specific jobs in the national economy. *See Richardson*, 735 F.2d at 964. Accordingly, ALJs routinely

5

question vocational experts in an attempt to determine whether there exist a significant number of jobs which a particular claimant can perform, his limitations notwithstanding.  Such was the case here, as the ALJ questioned a vocational expert.

The vocational expert testified that there existed approximately 10,700 jobs in the state of Michigan, and approximately 102,000 jobs nationwide, which an individual with Plaintiff's RFC could perform, such limitations notwithstanding.  (Tr. 72-75).  This represents a significant number of jobs.  *See Born v. Sec'y of Health and Human Services*, 923 F.2d 1168, 1174 (6th Cir. 1990); *Hall v. Bowen*, 837 F.2d 272, 274 (6th Cir. 1988); *Martin v. Commissioner of Social Security*, 170 Fed. Appx. 369, 374 (6th Cir., Mar. 1, 2006).  The ALJ concluded, therefore, that Plaintiff was not entitled to disability benefits.


I.          **Plaintiff's Credibility**

At the administrative hearing, Plaintiff testified that he was unable to work due to neuropathy and swelling in his feet and ankles.  (Tr. 61-62).  Plaintiff testified that his ability to work was further compromised by asthma, kidney stones, diverticulitis, and difficulties focusing and concentrating.  (Tr. 61, 65-66).  Plaintiff reported that he requires a cane when walking and must elevate his feet for several hours daily.  (Tr. 64-65).  The ALJ found that Plaintiff's "allegations of disabling impairments are only partially credible."  (Tr. 37).  Plaintiff asserts that he is entitled to relief because the ALJ's rationale for discounting his testimony is not supported by substantial evidence.

As the Sixth Circuit has long recognized, "pain alone, if the result of a medical impairment, *may* be severe enough to constitute disability."  *King v. Heckler*, 742 F.2d 968, 974 (6th

6

Cir. 1984) (emphasis added); *see also*, *Grecol v. Halter*, 46 Fed. Appx. 773, 775 (6th Cir., Aug. 29, 2002) (same).  As the relevant Social Security regulations make clear, however, a claimant's "statements about [his] pain or other symptoms will not alone establish that [he is] disabled."  20 C.F.R. § 404.1529(a); *see also*, *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) (quoting 20 C.F.R. § 404.1529(a)) *Hash v. Commissioner of Social Security*, 309 Fed. Appx. 981, 989 (6th Cir., Feb. 10, 2009).  Instead, as the Sixth Circuit has established, a claimant's assertions of disabling pain and limitation are evaluated pursuant to the following standard:

> First, we examine whether there is objective medical evidence of an underlying medical condition.  If there is, we then examine: (1) whether objective medical evidence confirms the severity of the alleged pain arising from the condition; or (2) whether the objectively established medical condition is of such a severity that it can reasonably be expected to produce the alleged disabling pain.

*Walters*, 127 F.3d at 531 (citations omitted).  This standard is often referred to as the *Duncan* standard.  *See Workman v. Commissioner of Social Security*, 105 Fed. Appx. 794, 801 (6th Cir., July 29, 2004).

Accordingly, as the Sixth Circuit has repeatedly held, "subjective complaints may support a finding of disability only where objective medical evidence confirms the severity of the alleged symptoms."  *Id.* (citing *Blankenship v. Bowen*, 874 F.2d 1116, 1123 (6th Cir. 1989)).  However, where the objective medical evidence fails to confirm the severity of a claimant's subjective allegations, the ALJ "has the power and discretion to weigh all of the evidence and to resolve the significant conflicts in the administrative record."  *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531).

In this respect, it is recognized that the ALJ's credibility assessment "must be

accorded great weight and deference." *Workman*, 105 Fed. Appx. at 801 (citing *Walters*, 127 F.3d at 531); *see also*, *Heston v. Commissioner of Social Security*, 245 F.3d 528, 536 (6th Cir. 2001) ("[i]t is for the [Commissioner] and his examiner, as the fact-finders, to pass upon the credibility of the witnesses and weigh and evaluate their testimony").  It is not for this Court to reevaluate such evidence anew, and so long as the ALJ's determination is supported by substantial evidence, it must stand.  The ALJ found Plaintiff's subjective allegations to not be fully credible, a finding that should not be lightly disregarded.  *See Varley v. Sec'y of Health and Human Services*, 820 F.2d 777, 780 (6th Cir. 1987).  In fact, as the Sixth Circuit recently stated, "[w]e have held that an administrative law judge's credibility findings are virtually unchallengeable." *Ritchie v. Commissioner of Social Security*, 540 Fed. Appx. 508, 511 (6th Cir., Oct. 4, 2013) (citation omitted).

Treatment notes dated February 10, 2011, indicate that Plaintiff was able to walk without difficulty.  (Tr. 375-76).  Treatment notes dated May 1, 2012, indicate that "when recommendations are made [Plaintiff] comes up with excuses not to do those recommendations." (Tr. 491).  Treatment notes dated May 7, 2012, indicate that Plaintiff was not interested in participating in diabetes education.  (Tr. 453).  Treatment notes dated June 18, 2012, indicate that Plaintiff exhibited "good" range of motion and 5/5 strength "throughout."  (Tr. 522).

On July 24, 2012, Plaintiff was examined by Dr. Karen Krieger who concluded that Plaintiff could work eight hours daily subject to the following limitations: (1) he can work in a seated position with regular breaks with occasional standing and walking; (2) he can push, pull, lift, and carry 30 pounds frequently and 50 pounds occasionally; (3) he can frequently use his hands for fine and gross manipulation; (4) he can frequently perform reaching, handling, feeling, grasping, and fingering activities; (5) he can climb stairs without limitation but cannot climb ladders or

scaffolding; and (6) he experiences no driving, visual, or communicative limitations.  (Tr. 475-81).

X-rays of Plaintiff's right hip, taken on September 18, 2012, were "unremarkable."  (Tr. 539).

The ALJ discounted Plaintiff's testimony on the ground that it was not supported by the medical record and, moreover, that Plaintiff "has not always been compliant with recommended treatment."  (Tr. 37).  The ALJ's rationale is supported by substantial evidence.

Plaintiff further argues that the ALJ's credibility assessment failed to account for his inability to obtain medical treatment.  It is understood that a claimant's testimony "may be less credible. . .if the medical reports or records show that the individual is not following the treatment as prescribed and there are no good reasons for this failure."  Social Security Ruling 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 1996 WL 374186 at *7 (S.S.A. July 2, 1996).  However, before drawing any inferences from a claimant's failure to follow prescribed treatment, the ALJ must first consider "any explanations that the individual may provide, or other information in the case record."  *Id.*

Plaintiff testified that he was unable to properly test his blood sugar levels because he lacked insurance to obtain "a proper amount of [test] strips."  (Tr. 63).  Plaintiff also testified that he was unable to treat his blood pressure, ADD, or breathing difficulties because he lacked insurance.  (Tr. 65-66).  The ALJ recognized Plaintiff's lack of insurance when assessing his credibility, but the ALJ also noted other factors, unrelated to Plaintiff's lack of insurance, which informed his analysis.  For example, Plaintiff's care providers noted that Plaintiff made excuses to disregard treatment directives.  (Tr. 491).  Plaintiff declined opportunities to obtain education about his diabetes.  (Tr. 453).  Plaintiff was instructed as to the importance of proper diet and exercise in managing his impairments, but his general lack of compliance with treatment directives, however,

9

is well documented.  (Tr. 446, 448, 450, 453, 463, 465, 916).

Finally, Plaintiff argues that the ALJ's credibility determination is deficient because such is based upon "boilerplate language."  In support of this argument, Plaintiff cites to *Bjornson v. Astrue*, 671 F.3d 640 (7th Cir. 2012), in which the Seventh Circuit criticized the use of "meaningless boilerplate" language.  *Id.* at 645.  As has been recognized, however, the shortcoming at issue in *Bjornson* was that the ALJ in that case "used the boilerplate as [his] only statement about the claimant's credibility."  *Johnson v. Commissioner of Social Security*, 2013 WL 1703894 at *4 (W.D. Mich., Apr. 19, 2013).  On the other hand, where boilerplate or form language is accompanied by appropriately detailed analysis, consistent with the aforementioned standard, the presence of such language does not constitute grounds for relief.  *Id.*  Here, the ALJ discussed the evidence at length and detailed his rationale for discounting Plaintiff's subjective allegations.  This argument, therefore, is not persuasive.

In sum, the Court discerns no error in the ALJ's credibility assessment.  The ALJ's rationale is supported by substantial evidence.  Moreover, the ALJ considered Plaintiff's lack of insurance when assessing his credibility and identified other facts, unrelated to Plaintiff's lack of insurance, which negatively impacted Plaintiff's credibility.  Finally, the ALJ did not rely on meaningless boilerplate language, but instead analyzed the evidence pursuant to the appropriate standard.

## II.        The Treating Physician Doctrine

Plaintiff argues that he is entitled to relief because the ALJ failed to properly evaluate the opinions of several of his treating physicians: (1) Dr. Robert Rood; (2) Dr. Courtney Soubliere;

and (3) Dr. Jeffrey Williamson. As Plaintiff correctly asserts, if an ALJ accords less than controlling weight to a treating source's opinion, he must "give good reasons" for doing so. *Gayheart v. Commissioner of Social Security*, 710 F.3d 365, 376 (6th Cir. 2013). The shortcoming with Plaintiff's argument is that he has failed to identify any opinion by any of the aforementioned doctors which is inconsistent with the ALJ's decision. Accordingly, this argument is rejected.

**III.        Plaintiff is Not Entitled to a Sentence Six Remand**

Plaintiff submitted to the Appeals Council evidence which was not presented to the ALJ. (Tr. 15-23). The Appeals Council received the evidence, but nevertheless declined to overturn the ALJ's determination. This Court, however, is precluded from considering the evidence in question. In *Cline v. Commissioner of Social Security*, 96 F.3d 146 (6th Cir. 1996), the Sixth Circuit indicated that where the Appeals Council considers new evidence that was not before the ALJ, but nonetheless declines to review the ALJ's determination, the district court cannot consider such evidence when adjudicating the claimant's appeal of the ALJ's determination. *Id.* at 148; *see also*, *Bass v. McMahon*, 499 F.3d 506, 512-13 (6th Cir. 2007).

If Plaintiff can demonstrate, however, that this evidence is new and material, and that good cause existed for not presenting it to the ALJ, the Court can remand the case for further proceedings during which this new evidence can be considered. *Cline*, 96 F.3d at 148. To satisfy the materiality requirement, Plaintiff must show that there exists a reasonable probability that the Commissioner would have reached a different result if presented with the new evidence. *Sizemore v. Secretary of Health and Human Serv's*, 865 F.2d 709, 711 (6th Cir. 1988). Plaintiff bears the burden of making these showings. *See Hollon ex rel. Hollon v. Commissioner of Social Security*,

447 F.3d 477, 483 (6th Cir. 2006).

Plaintiff has failed to demonstrate good cause for his failure to procure the evidence in question prior to the decision by the ALJ denying his claim for benefits. Plaintiff suggests that good cause is established because his prior counsel was ineffective for failing to obtain the evidence in question. To satisfy the "good cause" requirement, Plaintiff must demonstrate "a reasonable justification for the failure to acquire and present the evidence for inclusion in the hearing before the ALJ." *Hollon*, 447 F.3d at 483. However, a "bald statement that counsel was ineffective," is insufficient to satisfy the good cause standard. *See, e.g., Gaskin v. Commissioner of Social Security*, 2011 WL 1097634 at *4 (E.D. Mich., Feb. 25, 2011).

Moreover, even if Plaintiff could demonstrate good cause, the result would be the same as this evidence does not satisfy the materiality standard. The evidence in question consists of three items: (1) a "medical source statement" regarding Plaintiff's ability to perform physical activities; (2) three pages of treatment notes; and (3) a pain questionnaire completed by Plaintiff. (Tr. 15-23). The medical source statement was completed almost two months after the ALJ's decision and there is no indication that the opinions expressed therein concern Plaintiff's status prior to the date of the ALJ's decision. Moreover, neither the identity of the individual who completed this form nor the nature and duration of this individual's treating relationship with Plaintiff is provided. Thus, this form has little to no probative value concerning Plaintiff's impairments and limitations prior to the ALJ's decision. The three pages of treatment notes do not contain information contrary to or which calls into question the ALJ's decision. Finally, the pain questionnaire completed by Plaintiff is of little probative value as it concerns Plaintiff's subjective allegations as of a date well after the ALJ's decision. It is not reasonable to assert that consideration

of this evidence would have resulted in a different outcome.  Accordingly, the Court is precluded

from considering this evidence and, furthermore, there exists no basis for remanding this matter for

its further consideration.


## <u>CONCLUSION</u>

For the reasons articulated herein, the Court concludes that the ALJ's decision is

supported by substantial evidence.  Accordingly, the Commissioner's decision is **affirmed**.  The

Court further finds that appeal of this matter would not be taken in good faith.  *See Smith v.

Commissioner of Social Security*, 1999 WL 1336109 at *2 (6th Cir., Dec. 20, 1999); *Leal v.

Commissioner of Social Security*, 2015 WL 731311 at *2 (N.D. Ohio, Feb. 19, 2015); 28 U.S.C. §

1915(a)(3).  A judgment consistent with this opinion will enter.


Date:  March 3, 2016                                    /s/ Ellen S. Carmody
                                                       ELLEN S. CARMODY
                                                       United States Magistrate Judge


13